UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK WATSON,

    Plaintiff,

v.

DAVID R. GRIMMETT,

    Defendant.

Case No. 3:22-cv-00601

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR ENTRY OF DISMISSAL WITH PREJUDICE

The Parties, by and through their undersigned counsel, respectfully move this Court for an Order approving the terms of the settlement reached by the Parties and for dismissal of this action with prejudice. In support of this motion, the Parties state as follows:

1. This is an action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C., Section 201 *et seq.* Plaintiff filed this civil action on August 8, 2022, alleging that Defendant misclassified him as exempt from the overtime requirements of the FLSA for part of his tenure and failed to pay him overtime compensation properly due on any hours worked over 40 in each week during that part of his tenure. ECF No. 1.

2. The claims involve numerous contested issues of fact and law. Defendant denies that he has engaged in any unlawful conduct. Defendant denies liability, damages entitlement and calculations. Defendant believes that he would prevail on the merits, either at trial or through motion practice. Plaintiff similarly believes that he would prevail on the merits of these claims.

3. After arms-length negotiations, the Parties have reached a settlement of this matter. Throughout the settlement process the Parties have each been represented and assisted by their

respective undersigned attorneys and have had the benefit of their counsel and advice. The Parties executed a Settlement Agreement (the "Agreement") setting forth all of the terms of the agreed upon settlement, a copy of which is attached as Exhibit 1. The Parties are now presenting the Agreement for approval as required by the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). All undersigned counsel represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all parties with respect to both the relief sought by Plaintiff and the defenses raised by Defendant. *See Id.*

4. The Agreement does not constitute and shall not be deemed to be a finding or determination by the Court, nor an admission by any party, regarding the merits, validity or accuracy of any of the allegations, claims or defenses. The Agreement represents the compromise of disputed claims that the Parties recognize would require protracted and costly litigation to determine. Defendant's agreement to this Motion, and entry into the Agreement, is not and may not be used by any person in any proceeding as an admission or evidence that Defendant engaged in any unlawful conduct, such being expressly denied.

5. In this case, the Court should approve the terms of the Agreement because they were achieved in an adversarial context, the Agreement was negotiated on behalf of all the Parties by experienced counsel representing each side, and the terms of the Agreement reflect a fair and reasonable compromise of the Parties' many disputed issues of law and of fact. The Agreement fairly and reasonably compromises each party's interests, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354 ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")

6. In *Lynn's Food Stores, Inc.*, the Eleventh Circuit established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim: 1) Was it achieved in an adversarial context; 2) Was the Plaintiff represented by attorneys who can protect their rights; and 3) Does it reflect a fair and reasonable compromise over issues that are actually in dispute? *Id.* at 1353-54.

7. In this instance, the resolution reached by the Parties was negotiated by experienced counsel who protected the rights of both parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the Parties to whether Plaintiff was entitled to overtime under the FLSA.

8. The Parties vigorously dispute the merits of Plaintiff's FLSA claims, and there is a bona fide dispute between the Parties as to Plaintiff's entitlement to relief. Even assuming such entitlement, the amount of relief is the subject of further dispute. Specifically, the Parties dispute whether Defendant is subject and covered under the FLSA through either enterprise or individual coverage; and the number of hours worked by Plaintiff—the very points of reasonable compromise identified in *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement . . . .").

9. The Agreement provides for payment to the Plaintiff in a manner negotiated by the Parties. The Agreement is designed to take into account the many difficult legal and factual issues that arose in this litigation.

10. Under the terms of the settlement, Plaintiff is receiving an amount which compensates him for approximately 5.6 hours of unpaid overtime premium per week during his tenure of employment when Defendant classified him as exempt from the FLSA. Plaintiff is also

receiving an additional, equal amount representative of liquidated damages. These amounts are reasonable given Defendant's position that Defendant owes Plaintiff no back wages whatsoever because Defendant was not subject to or covered by the FLSA through either enterprise or individual coverage. Furthermore, there was a dispute regarding the number of hours Plaintiff worked, and Plaintiff would largely have had to rely on estimates and testimony as to hours worked at trial, which would have been subject to any competing evidence put on by Defendant. In addition, the Parties dispute whether Plaintiff would be entitled to liquidated damages, and whether the applicable statute of limitations is 2 or 3 years, and for purposes of settlement Plaintiff's damages assume the third year applies.

11. The Agreement also includes a component of attorneys' fees and costs. To the extent the Court wishes to assess the reasonableness of the fee component of the settlement, Plaintiff's counsel avers that it is reasonable. Plaintiff's counsel has billed over $13,000.00 in attorneys' fees and costs to this matter, taking it from initial fact investigation and Complaint drafting to discovery and damages calculations, through settlement drafting and finalization. At just 45% of the total fees and costs billed, the amount in settlement of attorneys' fees and costs is reasonable.

12. The Agreement further provides that the Parties will request that this Court dismiss this action, with prejudice, reserving jurisdiction solely to enforce the Agreement.

**WHEREFORE**, the Parties hereby respectfully move for approval of the settlement and for an entry reflecting its approval, the dismissal of this action with prejudice, and reserving jurisdiction only to enforce the Agreement. All parties shall bear their own costs.

Respectfully submitted,

*s/ Colby Qualls with permission*
Colby Qualls
Ark. Bar No. 2019246
FORESTER HAYNIE PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
cqualls@foresterhaynie.com

Heather M. Collins, BPR #26099
Ashley Shoemaker Walter, BPR #037651
HMC Civil Rights Law, PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

*s/ Mary Taylor Gallagher*
Mary Taylor Gallagher, #21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
mtgallagher@gsrm.com

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

       I hereby certify that on February 19, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

J Colby Qualls
Ark. Bar No. 2019246
FORESTER HAYNIE PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
cqualls@foresterhaynie.com

Heather M. Collins, BPR #26099
Ashley Shoemaker Walter, BPR #037651
HMC Civil Rights Law, PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
Telephone: (615) 724-1996
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

                                          */s/ Mary Taylor Gallagher*