# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK WATSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID R. GRIMMETT,<br><br>    Defendant. | Case No. 3:22-cv-00601<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Mark Watson ("Plaintiff") and David R. Grimmett ("Defendant"), collectively "the Parties"). The Parties hereto agree to the following:

1. **Statement of Pending Claims.** On August 8, 2022, Plaintiff filed the Civil Action *Mark Watson v. David R. Grimmett*, Case No. 3:22-cv-00601 in the United States District Court for the Middle District of Tennessee. In the Action, Plaintiff claims that Defendant failed to pay him proper overtime compensation due under the Fair Labor Standards Act ("FLSA").

2. **Effective Date:** "Settlement Effective Date" is defined as the date when the final judgment dismissing the matter of *Mark Watson v. David R. Grimmett*, Case No. 3:22-cv-00601 currently pending in the United States District Court for the Middle District of Tennessee (the "Litigation") has been entered.

3. **Consideration.** It is expressly understood and agreed that the receipt of any payment under this paragraph will not entitle Plaintiff to additional compensation or benefit from Defendant. In consideration for signing this Agreement and complying with its terms:

    a. Defendant agrees to pay to Plaintiff and his counsel Thirteen Thousand Dollars ($13,000.00) ("Settlement Fund"), within twenty-one (21) days from the Settlement Effective Date, to be apportioned as follows:

        1) The amount of Three Thousand Five Hundred Forty-Nine Dollars and Zero Cents ($3,549.00) less applicable withholding taxes, will be paid to Plaintiff. This payment, which represents alleged back wages, will be treated as supplemental wages for tax purposes, and Defendant will deduct and withhold from this payment all applicable local, state, and federal taxes, including federal income taxes. Defendant will report this payment in an

IRS Form W-2 to be issued to Plaintiff and will remit all funds withheld to the applicable taxing authorities.

2) The amount of Three Thousand Five Hundred Forty-Nine Dollars and Zero Cents ($3,549.00) will be paid to Plaintiff without withholdings for taxes or any other deductions. An IRS Form 1099-MISC with the amount in box 3 (other income) will be issued to Plaintiff for this payment. Plaintiff will be solely responsible for complying with any and all income tax and/or other tax liabilities, obligations and/or consequences which are or may become due or payable in connection with this payment, which represents liquidated damages.

3) The amount of Five Thousand Nine Hundred Two Dollars and Zero Cents ($5,902) to Plaintiff's counsel, Forester Haynie, PLLC, for attorney's fees and costs with a Form 1099-MISC with the amount in box 10 (gross proceeds paid to an attorney) issued.

b. The Parties agree to file a Motion for Approval of Settlement with the United States District Court for the Middle District of Tennessee ("the Court") and to take all action necessary to have the claims in the Litigation dismissed with prejudice.

4. **Release of Claims.** In consideration of the payments in Paragraph 3, Plaintiff agrees to release, discharge, relieve, covenant not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendant, individually, and d/b/a Grimmett Law Firm; and (ii) all of Defendant's employees, agents, representatives, assigns, attorneys, insurers, affiliates, predecessors, benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates and agents (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages, including but not limited to any claims under the FLSA, under any state wage and hour law in the state(s) in which he worked for Defendant, or any common law or other claims for unpaid wages. The Release includes all claims that were, or could have been, raised in the Litigation, that arose prior to the date Plaintiff executes the Agreement.

5. **Governing Law and Interpretation**. This Agreement shall be governed and interpreted in accordance with the laws of the State of Tennessee. In the event of a breach of any provision of this Agreement, any Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. The non-breaching Party or Parties shall be entitled, in addition to any other remedies and damages available, to recover their attorneys' fees and costs incurred in any legal action to enforce the terms of this Settlement Agreement or arising as a result of the breach thereof.

6. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendant expressly denies any wrongdoing whatsoever in connection with the allegations in the Litigation.

7. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Agreement, except those expressly set forth in this Agreement.

9. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

10. **Waiver.** Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

11. **Non-Disclosure.** Except as necessary or required to a tax advisor; an attorney with whom Plaintiff chooses to consult regarding their consideration of this Agreement; to any federal, state, or local government agency; to a spouse or domestic partner; or to obtain the Court's approval of this Agreement, Plaintiff agrees not to disclose any information that is not already filed in the public record regarding the underlying facts, transactions, occurrences, events, acts, omissions, or failures to act that were or could have been alleged in the Litigation, and agrees not to publicize the existence or substance of this Agreement. In response to any direct inquires regarding the resolution of the Litigation, excluding direct inquiries made by the Court, Plaintiff agrees that Plaintiff will respond only by stating that the matter has been resolved.

12. **Counterparts.** This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original. This Agreement may be signed electronically.

13. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with

4892-4812-6874, v. 1

experienced legal counsel.

14. **Court Approval.** The Parties agree to seek the Court's approval of this Agreement. If the Agreement is not approved, the Parties agree that they will engage in good faith efforts to renegotiate the settlement in a manner that addresses the Court's concerns and to submit any unresolved disputes over those renegotiated terms to mediation before mediator Michael Russell. If the Court does not approve any particular provision in this Agreement, the Parties may agree to sever any such provision and resubmit to the Court for approval.

**The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:**

**Mark Watson**

By: *[signature]*　　　　　　　　　　　　　Date: 02/16/2024

**David R. Grimmett**

By: *[signature]*　　　　　　　　　　　　　Date: 2/19/2024